FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\* NOVEMBER 18, 2024 \*
BROOKLYN OFFICE

DMP:ANR
F. #2023R00497

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

SYED AMAN,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **24-CR-467**
(T. 18, U.S.C. §§ 981(a)(1)(C), 981(a)(1)(G), 2339B(a)(1) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

**Judge Eric R. Komitee**
**Magistrate Judge Marcia M. Henry**

THE GRAND JURY CHARGES:

### ATTEMPT TO PROVIDE MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION

1.    On or about and between June 13, 2023 and November 5, 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SYED AMAN did knowingly attempt to provide material support and resources, as defined in 18 U.S.C. § 2339A(b)(1), including services, currency, monetary instruments and personnel (including himself), to a foreign terrorist organization, to wit: the Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, knowing that ISIS was a designated foreign terrorist organization and that ISIS had engaged in and was engaging in terrorist activity and terrorism.

(Title 18, United States Code, Sections 2339B(a)(1) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

2.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with:

(a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic: (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign government, including but not limited to approximately $186.64 in Monero, transferred on or about February 9, 2024 to a United States law enforcement controlled cryptocurrency wallet.

      3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

          (a)      cannot be located upon the exercise of due diligence;

3

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK